(68 South. 739)

No. 21249.

PAEPCKE LEICHT LUMBER CO. v. CLACK, Tax Collector.

In re CLACK, Tax Collector.

(May 24, 1915.)

*(Syllabus by the Court.)*

1. TAXATION ☞607, 609—COLLECTION—INJUNCTION—DISSOLUTION.

Injunctions against the collection of state and parish taxes are governed by the provisions of section 56, Act No. 170, 1898, p. 374; and, where an injunction was sued out without previous notice to the tax collector, and without the giving of a bond in the amount required by the statute, it was properly dissolved on the face of the papers.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230, 1243; Dec. Dig. ☞607, 609.]

2. TAXATION ☞499 — ASSESSMENTS — SUITS FOR REDUCTION—TIME FOR COMMENCING.

Suits for reduction of assessments must be brought before November 1st of the year in which assessments are made.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 913–919; Dec. Dig. ☞499.]

Certiorari to Court of Appeal, Parish of West Feliciana.

Action by the Paepcke Leicht Lumber Company against John H. Clack, Tax Collector.

A judgment for defendant was reversed by the Court of Appeal, and defendant applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and judgment of district court affirmed in part and reversed in part and remanded.

Charles L. Munson, of St. Francisville, for applicant. Lawrason & Kilbourne, of St. Francisville, for respondent.

SOMMERVILLE, J. The plaintiff lumber company, alleging that the defendant tax collector has seized certain property belonging to it, and that he will sell same for the collection of taxes for the year 1913, amounting to $496.92, asked for and obtained an injunction to prevent the tax collector from proceeding further in the matter, on a bond in the sum of $100.

The tax collector appeared and moved that the injunction be dissolved because it was issued in violation of section 56, Act No. 170, 1898, p. 374, in that the injunction was obtained by plaintiff without a rule nisi having been issued and served on him; and that the bond was insufficient and should have been for 50 per cent. additional to the amount of taxes contested by plaintiff.

There was judgment in the district court in favor of the defendant, dissolving the injunction obtained by plaintiff, which judgment was reversed by the Court of Appeal.

[1] The law on the subject is found in section 56, Act No. 170, 1898, p. 374; and it provides that:

"No injunction restraining the collection of any tax or taxes shall be issued by any court unless a bond shall first be given, by the taxpayer enjoining, with good security for an amount equal to that of all taxes, interest, penalties and costs of the amount of taxes contested, and fifty per cent. additional thereon included. * * * No injunction against the collection of taxes or any part or portion thereof shall issue except after the issuance of a rule nisi, to be served on the tax collector, returnable in three days," etc.

The bond in this case is for $100, while the amount of taxes in contest is $496.92.

The bond was insufficient. The injunction was issued without the issuance of a rule nisi as required in the law above quoted. The writ of injunction was properly dissolved by the district court. Howcott v. Smart, 125 La. 50, 51 South. 64; 133 La. 681, 695, 63 South. 281.

In its petition plaintiff alleged that the assessment of its property was null and void for the reason that it was not the owner thereof at the time that the assessment was made for the year 1913; that the Bayou Sara Lumber Company was the owner at that time; that that company paid the taxes due thereon; that the assessment is a double assessment; and that, if it is not a double assessment and absolutely null and void, it is excessive and should be reduced.

[2] Defendant excepted that plaintiff's right of action was barred by statute, and there was judgment dismissing the suit. The ruling was correct as to the alternative demand for a reduction of the assessment. The suit for that purpose should have been filed before November 1, 1913, "the year in which the assessment was made." Section 26, Act 170, 1898, p. 361. It was filed in January, 1914. It was too late.

Counsel for defendant has not cited to the court a law barring suits for the cancellation of alleged null and void assessments after the expiration of the year in which the assessments were made. Plaintiff is entitled to have that portion of its suit tried, and the case will be remanded to the district court for that purpose.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be annulled, avoided, and reversed; that the judgment of the district court dissolving the writ of injunction be affirmed; and that it be reversed in so far as it dismisses plaintiff's suit for the entire cancellation of the assessment of its property in 1913. In all other respects, said judgment is affirmed at the cost of plaintiff; and the case is remanded to be proceeded with in accordance with law.