O’NIELL, C. J.
This is a proceeding by mandamus to compel the district judge to issue an injunction to prevent the collection of municipal taxes, levied by the village of *425 Harahan. The suit was brought by several persons owning lands that were advertised for sale by the village tax collector for the taxes assessed against them. The causes of complaint, for whibh the injunction was prayed for, were three in number, pleaded in the alternative, viz.:
(1) That the village was not legally incorporated, because the streets and sidewalks were not of the width required by the Act 181 of 1902, providing a method by which city, town, and- village sites should be laid out.
(2) That the minutes of the meeting of the hoard of aldermen did not show that the ordinance levying the tax was adopted by a “yea and nay vote.”
(3) That the lands of the plaintiffs were not embraced within the original corporate limits of the village of Harahan, and that the minutes of the meetings of the board of aldermen did not show that the ordinance purporting, or “pretending,” to extend the corporate limits was adopted by a “yea and nay vote,” or that such an ordinance was adopted at all.
The district judge issued a rule upon the tax collector and mayor and board of aider-men to show cause why a preliminary injunction -should not issue. The defendants pleaded that the petition did not disclose any right or cause of action for a preliminary injunction. After hearing the parties, the judge recalled his order; and this petition for mandamus- followed.
Relators complain that, on trial of the rule nisi, the district judge allowed the defendants to introduce a copy of the minutes of the meeting of the board of aldermen, showing that the ordinance levying the tax was adopted by a “yea and nay vote.” It is contended that the rule nisi should have been tried and decided on the face of the pleadings, and that, for the purpose of deciding the exception of no cause of action, the allegations of the petition should have .been assumed to be true. The doctrine invoked, as an abstract proposition, is quite correct; but the defendants in this case took the position that, under their denial that the plaintiffs had any right of action for a preliminary injunction, the minutes of the meeting, referred to in the petition for injunction, were admissible in evidence. The judge would have ■been extremely technical if he had ruled otherwise, expecially in a proceeding to prevent the collection of taxes. We approve the ruling; and, even if we should deem it technically incorrect, we would not regard it as being so very wrong as to warrant the exercise of our supervisory jurisdiction in the matter.
.The two other allegations on which a preliminary injunction was demanded were regarded by the district judge» as a collateral attack upon the corporate existence of the municipality, as originally incorporated, and as afterwards enlargéd. The ruling appears to be in accord with the decision rendered by this court in State ex rel. Marrero, Dist. Atty., v. Ehret et al., 135 La. 643, 65 South. 871.
The policy of our law is against the granting of preliminary injunctions in suits to prevent the collection of taxes, especially when the cause of complaint, if well founded, would apply alike to every person assessed for the tax or taxes. That is why the courts are forbidden to issue an injunction against the collection of a tax without first issuing a rule nisi and allowing the tax collector to be heard. See section 56 of Act 170 of 1898, p. 374 ; section 26 of Act 136 of 1898, p. 237; Paepcke Leicht Co. v. Clack, Tax Collector, 137 La. 397, 68 South. 739.
Considering that to issue a preliminary injunction to prevent the collection of a tax is never a mandatory duty of the district judge, but is always a matter to be determined by the exercise of his judgment, we doubt that we should ever issue a mandamus compelling a district judge to grant a pre *427 liminary injunction against the collection of a tax. It is not necessary, however, to say now whether we might so exercise our supervisory power in a case of flagrant abuse of discretion on the part of a district judge. This is not such a ease.
The relief prayed for is denied, and this proceeding for mandamus is dismissed, at relators’ cost.