(99 South. 223)

No. 25968.

**SONIAT et al. v. WHITE, Tax Collector, et al.**

(July 11, 1923. On the Merits, Jan. 7, 1924. Rehearing Denied by Division B. Feb. 20, 1924.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss.

1. **Appeal and error** ⟨⟩790(3)—**Decision on appeal from dismissal of mandamus proceeding held not res judicata, preventing appeal from dismissal of injunction suit.**

On an appeal from a judgment, maintaining exceptions of no cause or right of action, and dismissing plaintiffs' suit for injunction, that a proceeding for mandamus by defendant had previously been dismissed, and the Supreme Court on appeal from such dismissal had expressed its views concerning the causes of complaint on which the application for injunction was based, did not constitute res judicata, depriving plaintiffs of their appeal; the thing demanded and the object of the judgment not being the same.

**2. Judgment** ⊚⇒584—**Within res judicata rule, thing adjudged is in decree rendered and not in reasons therefor.**

In determining whether a question is res judicata, the thing adjudged is to be found in the decree rendered and not in the reasons for judgment.

### On the Merits.

**3. Municipal corporations** ⊚⇒979—**Copy of tax, ordinance should be attached to petition in suit to enjoin sale.**

In a suit to enjoin a tax sale, on the ground that the tax ordinance was not adopted by a yea and nay vote, a copy of the ordinance should have been made part of plaintiffs' petition that the court might have had before it all of the facts of the case in ruling on the issuance of injunction.

**4. Pleading** ⊚⇒34(1)—**Petition must be construed as whole, to ascertain whether it states a cause of action.**

In determining whether a petition states a cause of action, the petition must be construed as a whole to ascertain its true meaning and intendment.

**5. Municipal corporations** ⊚⇒979—**Petition to restrain tax sale held not to state cause of action.**

A petition in a suit to enjoin a tax sale under an alleged invalid tax ordinance, on the ground that plaintiffs' property was not situated within the limits of the municipality as extended, because the ordinance extending the boundaries was not regularly passed, *held* not to state a cause of action.

**6. Municipal corporations** ⊚⇒18—**Petition to enjoin tax sale held defective as constituting a collateral attack on corporate existence of municipality.**

In a suit to restrain a tax sale, allegations in the petition that the taxing municipality was not legally incorporated because the streets and sidewalks were not of the width required by the Act No. 181 of 1902, *held* to constitute a collateral attack on the corporate existence of the municipality, and hence it was not error to sustain exceptions of no right or cause of action.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; H. N. Gautier, Judge.

Suit by Meloncy C. Soniat and others against J. E. White, Tax Collector, and others. From a judgment maintaining excep-tions of no right or cause of action, recalling a rule nisi for an injunction, and dismissing plaintiffs' suit, they appeal. Motion to dismiss appeal denied, and judgment affirmed.

M. C. Soniat, of New Orleans, L. R. Rivarde, of Hahnville, and Charles J. Rivet, of New Orleans, for appellants.

John E. Fleury, of Gretna, for appellees.

### On Motion to Dismiss.

By the WHOLE COURT.

ROGERS, J. This is an appeal from a judgment maintaining exceptions of no right or cause of action, recalling a rule nisi for an injunction, and dismissing plaintiffs' suit. The case was previously before this court upon plaintiffs' application for writs of certiorari and mandamus to compel the district judge to issue an injunction against defendants, enjoining them from collecting certain municipal taxes due the village of Harahan. The relief sought was denied, and the proceeding for mandamus dismissed. Soniat v. White, 153 La. 424, 96 South. 19.

Appellees have moved to dismiss the appeal on the ground that the judgment heretofore rendered by this court constitutes res judicata between the parties, and that appellants, having sought relief through the court's supervisory jurisdiction, are estopped to raise, by way of appeal, the same questions and issues presented in their application therefor.

It is true, this court, in its former opinion, expressed its views concerning the causes of complaint upon which the application for injunction was based, but the only question which was before the court for adjudication, at that time, was whether or not the applicants were entitled to a mandamus compelling the district judge to issue the injunction applied for. All that was decided was that it was not the mandatory duty of the judge to issue the injunction, and the proceeding for mandamus was dismissed.

[1, 2] In this proceeding, plaintiffs are insisting upon their constitutional right of appeal to have this court pass upon the judgment of the district court maintaining the exceptions of no cause or right of action and dismissing their suit. We think they are entitled to their appeal. In order to constitute res judicata, the thing demanded and the object of the judgment must be the same. Woodcock v. Baldwin, 110 La. 270, 34 South. 440; Scovel v. Levy's Heirs, 118 La. 982, 43 South. 642. The thing adjudged is to be found in the decree rendered and not in the reasons for judgment. Pepper v. Dunlap, 5 La. Ann. 200; Keane v. Fisher, 10 La. Ann. 261; Chaffe v. Schultz, 30 La. Ann. 1307; Penouilh v. Abraham, 43 La. Ann. 214, 9 South. 36; Police Jury v. Police Jury, 48 La. Ann. 1299, 20 South. 708.

The motion to dismiss is denied.

### On the Merits.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiffs seek to enjoin the tax collector, mayor, and board of aldermen of the village of Harahan from selling their properties for the taxes levied by said village for the year 1921.

The district court issued a rule nisi, ordering defendants to show cause why a preliminary injunction should not be granted. On the hearing of the rule, defendants filed exceptions of no right and no cause of action, and, in support of the exceptions, over the objections of plaintiffs, introduced in evidence a certified copy of the ordinance levying the taxes.

The lower court maintained the exceptions, recalled the rule nisi, and dismissed plaintiffs' suit. Plaintiffs then applied to this court for writs of certiorari and mandamus to compel the district judge to issue the injunction prayed for. The relief sought was denied, and the proceeding for mandamus was dismissed. See Soniat et al. v. White, Tax Collector, et al., 153 La. 424, 96 South. 19.

Thereafter plaintiffs prayed for and obtained a devolutive appeal from the judgment maintaining the exceptions, refusing the injunction and dismissing the suit. It is this appeal, which we refused to dismiss on motion of defendants, that is now before us.

The grounds relied upon by plaintiffs, and which are pleaded in the alternative, are:

(1) That the village of Harahan was not legally incorporated, because the streets and sidewalks were not of the width required by the Act 181 of 1902, providing a method by which a city, town, and village site should be laid out.

(2) That the minutes of the board of aldermen did not show that the ordinance levying the tax was adopted by "a yea and nay vote."

(3) That the lands of the plaintiffs were not embraced within the original corporate limits of the village of Harahan, and that the minutes of the meeting of the board of aldermen did not show that the ordinance purporting or "pretending" to extend the corporate limits was adopted by "a yea and nay vote," or that such an ordinance was adopted at all.

The learned counsel for plaintiffs contend, in oral argument and in brief, that (1) the nature of the exceptions filed did not admit of the introduction of evidence; and (2) even with the improperly admitted document the petition disclosed an absolute right to the injunction sought.

1. The ruling of the district judge in permitting defendants to offer in evidence the minutes of the meeting of the board of aldermen was considered and approved by us when the matter was before this court on the application for writs of certiorari and mandamus.

Counsel for appellants contend, however, that the decision on the application for the writs is not controlling of the present issue, because the sole matter in controversy in

that proceeding was their right, vel non, to a mandamus.

[3] Be that as it may, a reconsideration of the question submitted has confirmed us in the correctness of our former opinion in that respect. The basis of plaintiffs' complaint was that the ordinance was not adopted by a "yea and nay vote." The best evidence as to whether or not the complaint was well founded was the ordinance itself. No copy of the ordinance was attached to or made part of the plaintiffs' petition. This should have been done, in order that the court might have had before it all of the facts of the case when it made its ruling upon the question of whether or not an injunction should issue. Undoubtedly defendants, under a prayer for oyer, would have been entitled to have the ordinance produced as part of plaintiffs' petition. We see no good reason why, instead of compelling defendants to resort to a demand for oyer, they should not have been permitted to introduce the ordinance attacked to speak for itself on the hearing of the rule nisi. As we said in our opinion when the case was before us upon application for the writs:

"The judge would have been extremely technical if he had ruled otherwise, especially in a proceeding to prevent the collection of taxes."

2. Article 14 of plaintiffs' petition reads:

"That the minutes of the board of aldermen of said village of Harahan contain no record whatsoever of the adoption by said board of any ordinance extending the original boundaries of the said village so as to include the properties of your petitioners."

And the argument is made on behalf of plaintiffs that the quoted paragraph of the petition is sufficient to keep them in court for the purpose of litigating the question of their right to an injunction to prevent the sale of their properties for the taxes alleged to be due thereon.

[4] Undoubtedly, if this paragraph stood alone in the petition it would state a cause of action. But the petition must be construed as a whole in order to ascertain its true meaning and intendment.

[5] The petition, especially articles 13 and 15 thereof, unmistakably shows that plaintiffs' claim that their properties are not situated within the limits of the village of Harahan rests entirely upon the alleged illegality of the ordinance "pretending" to extend the original boundaries of said village so as to include the lands owned by petitioners. The petition would be self-destructive if the interpretation now placed by plaintiffs upon article 15 should be accepted. It would be equivalent to saying, in one breath, that there is an ordinance, although invalid, extending the corporate limits, and, in another breath, saying that there is no such ordinance extant. An inconsistent and impossible construction of the allegations of plaintiffs' petition. Either there is, or there is not, such an ordinance. From a mere reading of the petition, it is impossible to reach any other conclusion than that an ordinance was adopted by the board of aldermen of the village, extending the limits thereof, within which extension plaintiffs' lands are situated, and that, reconciling all of the allegations of said petition, the gravamen of plaintiffs' complaint is that said ordinance does not affect their properties described therein, for the reason that it was not legally adopted. In this view of the petition, and construing the allegations thereof in connection with the ordinance itself, as introduced in evidence by defendants, and as in the nature of an exhibit to said petition, our conclusion is that in this respect the judgment of the lower court, in maintaining the exceptions, was correct.

[6] We are also of the opinion that the district judge correctly maintained defendants' exceptions to the other allegations of plaintiffs' petition, as constituting a collateral attack upon the corporate existence of the village of Harahan as originally incorporat-

ed and as subsequently enlarged. This ruling is in accord with the decisions of this court. See, Chicago, etc., Ry. v. Town of Kentwood, 49 La. Ann. 931, 22 South. 192; State ex rel. Marrero, Dist. Atty., v. Ehret et al., 135 La. 643, 65 South. 871; M., L. & T. R. R. et al. v. White, Tax Collector, et al., 136 La. 1074, 68 South. 130. Judgment affirmed.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.