O’NIELL, Chief Justice.
 

 The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause of action. The suit is for damages for an alleged malicious prosecution for embezzlement.
 

 It is alleged in the plaintiff’s petition that the prosecution for embezzlement was malicious and without probable cause, and that it was terminated by the entering of a. nolle prosequi by the district attorney. Notwithstanding these allegations, the judge sustained the exception of no cause of action because he concluded, from certain records in other proceedings, which were not part; of the plaintiff’s petition, that the prosecution for embezzlement was not without probable cause. The records which the judge referred to were: First, the record of a civil suit in which the present defendant, homestead association, obtained a judgment against the present plaintiff, Schmidt, for $3,467.25, in another division of the civil district court; and, second, the record of the criminal prosecution for embezzlement, in the criminal district court. These records were not admissible in evidence, because in fact no evidence is admissible on the trial of an exception of no cause of action. The question whether a' petition discloses a cause of action must be determined from a consideration of the allegations' of the petition itself, including, of
 
 *372
 
 course, any documents that form part of the petition. The records which the judge based his ruling upon in this case were offered in evidence on the trial of the exception of no cause of action, and were admitted in evidence over the plaintiff’s objection. But these records did not form part of the plaintiff’s petition.
 

 There is no allegation in the plaintiff’s petition tending to contradict his allegation that the prosecution for embezzlement was without probable cause. The only reference that is made, in the petition in this suit, to the suit in which the homestead association obtained the judgment for $3,467.25 against Schmidt, is the allegation that the homestead- association did not accuse Schmidt of embezzlement in that suit. Hence there is no reason why the judge should have considered the record in that suit, in determining whether the plaintiff’s petition in this suit disclosed a cause of action.
 

 The record of the criminal prosecution was not admissible in evidence on the hearing of the exception of no cause of action, because, as we have said, no evidence is admissible on the trial of an exception of no cause of action.
 

 In a suit for damages for malicious prosecution, the allegation that the prosecution was without probable cause is an allegation of fact, which can be disposed of, not by means of an exception of no cause of action, hut only by a denial by the defendant, in his answer to the suit, and by the introduction of .such evidence as either party may see fit to introduce.
 

 In support of the argument that evidence is admissible on the trial of an exception of no cause of action, the attorneys for the appellee cite Soniat et al. v. White, Tax Collector et al., 153 La. 424, 96 So. 19, and Id., 155 La. 290, 99 So. 223. That was a suit for an injunction to prevent the collection of municipal taxes, on the ground (among other grounds) that the minutes of the meeting of the board of aldermen, at which meeting the ordinance leving the taxes was adopted, did not show that the ordinance was adopted by a “yea and nay vote.” In answer to the rule to show cause why the injunction should not issue, the defendants, tax collector and may- or and board of aldermen of the village, pleaded that the plaintiffs had no cause or right of action for an injunction. On the trial of the rule, the defendants were permitted to introduce the minutes of the meeting at which the ordinance was adopted, to show that it was adopted by a “yea and nay vote,” and hence that the plaintiffs had no right to an injunction — or right of action. The exception of no
 
 right
 
 of action, in that case, was urged in response to the rule to show cause why an injunction should not issue. For that reason, the minutes of the meeting — especially as they were the very basis of the plaintiffs’ suit — were admissible in evidence to show that the plaintiffs had no right of action. In deciding the case we said (Soniat v. White, 153 La. 425, 96 So. 20) that we affirmed the rule that evidence is not admissible “for the p'urpose of deciding the exception of no cause of action.” That decision, therefore, was not a departure from the rule that evidence is not admissible on the hearing of an exception of no cause of action.
 

 The judgment appealed from is annulled, the exception of no cause of action is overruled, and the case is ordered remanded to
 
 *374
 
 the civil district court for further proceedings consistent with the opinion which we have rendered. The costs of the present proceeding, on the exception of no cause of action, are to be borne by the defendant, homestead association; the question of liability for other court costs is to abide the final disposition of the case.