## DUPLAIN v. WILTZ.
### No. 16653.

Court of Appeal of Louisiana. Orleans.

May 31, 1937.

Gerald Netter, of New Orleans, for appellant.

Pierre D. Olivier, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, an occupant of the premises, No. 1901 Marigny street in the city of New Orleans, brought this suit against the defendant, the alleged owner of the property, for damages in the sum of $3,000, because of injuries she sustained by falling down the rear steps. She avers, in substance, that while she was in the act of descending these steps she slipped; that she grabbed hold of the balustrade to steady herself, but, due to the fact that the balustrade was defective and rotten, it broke under her weight, causing her to fall to the bottom of the stairway and, as a result, she suffered bodily injuries which she describes in detail.

The defendant appeared and excepted to plaintiff's petition on the ground that it disclosed no right and no cause of action. Her main contention, in support of this exception, is that she is not the owner of the premises in which the plaintiff claims to have been injured. At the trial of the exception, the district judge permitted the defendant, over timely objection by plaintiff's counsel, to introduce evidence to traverse the allegation of the petition respecting her ownership of the property.

After hearing the evidence, which consisted of a recorded title of the property in the name of a third person and the defendant's statement to the effect that she did not own the premises at the time the accident occurred, the trial judge maintained the exception and dismissed the plaintiff's suit. From this adverse judgment, the plaintiff has appealed.

The first question confronting us in this matter is one of practice; that is, whether the district judge was correct in permitting the defendant, on the trial of an exception of no right or cause of action, to introduce evidence tending to controvert the allegations of the petition. It is firmly established in the jurisprudence of this state that an exception of no cause of action concedes (for the purposes of its trial) the correctness of the well-pleaded allegations of

fact contained in the petition and tenders the issue that, on the face of the petition, no case is presented in law entitling the plaintiff to recover. See Kird v. New Orleans & N. W. Ry. Co., 105 La. 226, 29 So. 729, Malbrough v. Roundtree, 128 La. 39, 54 So. 463, Wolff v. Hibernia Bank & Trust Co., 161 La. 348, 108 So. 667, and numerous other cases.

In the recent case of Schmidt v. Conservative Homestead Ass'n, 181 La. 369, 159 So. 587, 588, the plaintiff brought suit against the defendant Homestead for maliciously prosecuting him for embezzlement, without probable cause. The defendant filed an exception of no cause of action and, on the trial thereof, it was permitted, by the district judge, to introduce in evidence, in support of the exception, a record of the criminal proceedings, which exhibited that plaintiff had been convicted of embezzling its funds. This evidence afforded the defendant a complete justification for the charges made against plaintiff, as it established probable cause on its part, and the trial judge accordingly maintained the exception. Hence, the only question presented to the Supreme Court, on plaintiff's appeal from the judgment dismissing his suit, was whether the judge erred in admitting evidence on the trial of the exception. In reversing the ruling of the district court and remanding the case for trial on its merits, the court remarked: "In a suit for damages for malicious prosecution, the allegation that the prosecution was without probable cause is an allegation of fact, which can be disposed of, *not by means of an exception of no cause of action, but only by a denial by the defendant, in his answer to the suit,* and by the introduction of such evidence as either party may see fit to introduce." (Italics ours.)

From the foregoing, it is apparent that trials on exceptions of no cause of action in this state must be had upon the well-pleaded facts as stated in the petition, which are taken to be true for the purposes of the trial of the exception. Accordingly, we find that the district judge was in error in permitting the defendant to introduce evidence on the exception of no cause of action which had the effect of contradicting the well-pleaded fact contained in plaintiff's petition that the defendant was the owner of the premises in which the accident occurred.

But it is said that there is a distinction in our law between an exception of no right of action and an exception of no cause of action, and that, where an exception of no right of action is filed, evidence is admissible to show the absence of a right of action, even though such evidence controverts the averments of fact contained in the petition. We perceive that, in Schmidt v. Conservative Homestead Ass'n, supra, the Supreme Court has thus decided in differentiating that case from the case of Soniat et al. v. White, Tax Collector, et al., 153 La. 424, 96 So. 19, and Id., 155 La. 290, 99 So. 223.

In the Soniat matter, the plaintiffs (taxpayers) instituted a proceeding for an injunction to prevent the defendants from collecting certain taxes. One of the grounds relied upon by them to substantiate their right of action was that an ordinance of the village of Harahan, under which the taxes were levied, was null and void because the minutes of the meeting of the board of aldermen did not show that it was adopted by a "yea and nay vote." A rule nisi was issued upon the tax collector, mayor, and board of aldermen to show cause why a preliminary injunction should not issue, and upon the return day the defendants appeared and filed an exception of no right of action. The district judge allowed them to introduce in evidence, on the trial of the exception, a certified copy of the minutes of the meeting of the board of aldermen showing that the ordinance levying the tax was adopted by a "yea and nay vote." He then recalled his order and the plaintiffs applied to the Supreme Court for writs of mandamus, it being their contention that the rule nisi should have been tried and decided on the face of the pleadings and that, for the purpose of deciding the exception of no right of action, the allegations of the petition should have been assumed to be true. The court, however, denied the relief prayed for and held:

"The doctrine invoked, as an abstract proposition, is quite correct; but the defendants in this case took the position that, under their denial that the plaintiffs had any right of action for a preliminary injunction, the minutes of the meeting, referred to in the petition for injunction, were admissible in evidence. The judge would have been extremely technical if he had ruled otherwise, *especially in a proceeding to prevent the collection of taxes.* We approve the ruling; and, even if we should deem it technically incorrect, we would not regard it as being so very wrong as to warrant the exercise of our supervisory jurisdiction in the matter." (Italics ours.)

It is evident, from the above quotation, that the Supreme Court did not feel that the action of the trial judge, in admitting the evidence on the exception of no right of action, was technically correct but approved the ruling in view of the fact that it was a suit for injunction involving the question as to whether the defendants should be restrained from collecting taxes.

Later, however, in the Schmidt Case, the court discusses the holding in the Soniat Case and differentiates it upon the ground that, there, the plaintiffs' *right* of action was based upon an ordinance which they contended had not been adopted in accordance with law and that, inasmuch as their *right* of action, as distinguished from their *cause* of action, was dependent upon that ordinance, it was admissible in evidence on the trial of an exception in order to determine whether the plaintiffs were legally invested with the right which they claimed.

While the Supreme Court has, in the Schmidt Case, recognized a distinction between exceptions of no right of action and no cause of action, we find that, generally, the two exceptions have been linked together in pleadings and decisions, and, in most cases, the courts have applied the exceptions indiscriminately, without attempting to differentiate them. In volume 9 Tulane Law Review, p. 17, a dissertation on the exception of no cause of action in Louisiana is ably presented by Mr. Henry G. McMahon, Professor of Law, Loyola University. In his treatment of the subject, the author remarks that, at the time the article was written (prior to 1935), there had been only one case, which he had been able to find, where an attempt had been made by a Louisiana appellate court to distinguish an exception of no right of action from an exception of no cause of action. The case referred to is that of Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715, 716, decided by this court. In that matter, we observed:

"Our courts have made a distinction between an exception of no right of action, and an exception of no cause of action. Where the petition sets forth a cause of action, but the plaintiff is without right to institute suit and stand in judgment, it is subject to an exception of no right of action. Where the allegations of the petition do not state a cause of action because the law does not provide or grant a cause of action, admitting all the allegations in the petition to be true, the petition is subject to an exception of no cause of action."

It has been said that the foregoing differentiation is not sound because it confounds the exception of no right of action with the exception of want of capacity to institute suit and stand in judgment therein. Nevertheless, it is our opinion that there is no essential difference between an exception of want of capacity and an exception of no right of action for, in each case, the pleading is leveled at the right of the plaintiff to institute the action. The only real distinction relates to the time when the exceptions may be filed. An exception of no right of action may be urged at any stage of the proceeding, whereas an exception of want of capacity to sue or stand in judgment must be presented in limine, otherwise the right to invoke it will be waived.

It is undoubtedly true that, where the plaintiff's right is dependent upon his legal status or upon a contract or a law, from which he proclaims his cause of action is derived, then an exception opposing this right can be properly denoted to be an exception of no right of action. An example of such a case is found in the Succession of Howell, 177 La. 276, 148 So. 48, where a wife attempted to recover a community debt, by opposing an administrator's account, when the opposition should have been instituted by her husband as head and master of the community. The court maintained an exception to the proceeding on the ground that, on the face of the papers, the wife was without a right of action.

Since it is well settled that evidence is inadmissible on the trial of an exception of no cause of action and since it has also been held (Soniat Case as distinguished in the Schmidt Case) that evidence destructive of plaintiff's right may be received on trial of an exception of no *right* of action, it is necessary for us to determine, in the case at bar, whether the evidence submitted by the defendant challenges the plaintiff's right of action or is asserted against her cause of action.

Plaintiff brings this suit as the lawful occupant of certain premises against the defendant (the alleged owner thereof) in damages for injuries claimed to have been sustained by her, as a result of vices and defects existing therein. Under articles 670, 2315, and 2322 of the Civil Code and by the settled jurisprudence, she has a right of action as well as a cause of action to recover damages, and the defendant is liable if the allegations contained in her petition can be proved. Her right to sue or

stand in judgment is not controverted by the defendant and, inasmuch as the plaintiff did not derive her right of action from any document (which might have been annexed to the petition) but from the articles of the Code, her right to pursue the action is incontestable as a matter of law. The ground upon which the defendant bases her exception of no right of action is that she is not the owner of the property in which the plaintiff was injured. This question is purely one of fact and does not militate against plaintiff's legal right to maintain the action. If, on the trial of the merits of the case, it is decreed that, as a matter of fact, the defendant is not the owner of the premises, and therefore not responsible for the injuries resulting from its vices and defects, such finding will not be destructive of plaintiff's inherent right to sue the defendant, but will serve to show that the plaintiff was without justification or cause to enforce her right against the defendant. In other words, we think that there is a vast difference between the right of action, to which plaintiff is entitled as a matter of law, and the resultant liability vel non of the person against whom she *causes* this right to be asserted. The right to sue is conferred either by statute or the jurisprudence, whereas the cause to sue is legally determined after investigation of the facts presented. Here, the real challenge is not made to plaintiff's right to sue but is truly aimed against the legal lack of cause or reason for the action.

As was said by the Supreme Court in Commercial Nat. Bank v. Sanders et al., 132 La. 174, 61 So. 155, 156, in reversing the action of the lower court in allowing the defendants to introduce evidence to controvert the allegations of the petition on the trial of an exception of no *right* of action: "Defendants did not offer any evidence going to show that the plaintiff was not the present holder and owner of the note sued upon, or that it had no authority to sue and stand in judgment, or that it had no right of action; the exception should have been overruled."

Hence, it is our view that the exception filed by the plaintiff is not really an exception of no right of action but an exception of no cause of action. Following the unbroken line of jurisprudence of this state, to the effect that, on exception of no cause of action, all facts well pleaded are admitted for the purpose of the trial of the exception and that evidence is inadmissible to traverse those facts, we hold that the district judge was in error in permitting the defendant to submit evidence, at the time the exception was tried, tending to contradict the fact of ownership alleged in the petition.

The defendant further contends that the exception of no cause of action is good because a reading of the petition reveals that plaintiff was injured because she slipped on the seventh step of the rear steps of the premises and that there is no allegation showing that the step was defective. This argument misconceives the gravamen of the plaintiff's cause of action. She alleges that she would not have fallen except for the defective condition of the railing situated on the outer side of the steps, and that her injuries are directly attributable to the rottenness of the railing, which gave way at the time she grabbed hold of it in order to maintain her balance.

The exceptions of no right and of no cause of action should have been overruled, and therefore the district judge erred in sustaining them.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this case be remanded to the Twenty-Fourth judicial district court for the parish of Jefferson for further proceedings according to law and consistent with the views herein expressed. Defendant to pay cost of appeal.

Reversed and remanded.

JANVIER, Judge (dissenting).

I cannot concur in the view that the exception of no right of action may be availed of only where there is involved the question of the right of the plaintiff to assert the cause of action because I feel that, where it is contended that a cause of action which admittedly exists may not be asserted against a particular defendant, the exception of no right of action is equally available. The exception of no right of action is afforded by the Code of Practice to a defendant as a means of challenging preliminarily either the right of the plaintiff to assert the cause of action against any one or the right of any one to assert the cause of action against the defendant.

In either case the question of whether a "cause" of action is stated is not raised, but there is put at issue the status of the plaintiff toward the cause of action, or the status of the cause of action toward the defendant. If a plaintiff sues as widow and asserts a cause of action which a widow may not assert, for instance, under the Federal

Employers' Liability Act (45 U.S.C.A. §§ 51–59), she shows herself to be without "right" of action because only the personal representative of the deceased and not the widow may sue in such case. La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012; Penny v. New Orleans G. N. R. Co., 135 La. 962, 66 So. 313. Similarly, if a plaintiff admittedly with a right to sue and admittedly with a cause of action to sue the administratrix of an estate sues the widow of the deceased, she is without right to sue the widow, though she may have a perfectly good cause of action against the administratrix. The exception of no "right" of action in such situation is, I think, available.

Mr. McMahon, in his interesting and exhaustive study of the exception of no cause of action (Tulane Law Review, vol. IX, p. 17), has this to say concerning the distinction between the exception of no "cause" of action and the exception of no "right" of action: "From the foregoing illustrations we may readily discern the distinction in the respective functions of the exception of no cause of action and that of no right of action. The former is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy. * * *"

I agree fully with what he has said, but I feel that he has inadvertently failed to notice the situation to which I now direct attention. Had he done so, he would have said that "the latter (no 'right' of action) is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the question as to whether the defendant belongs to the particular class against whom the remedy may be sought."

If "A" sues "B," the latter, by exception of no "right" of action, may say to "A": "I admit that a cause of action exists, but I deny that you are entitled to present it". Also, if "A" sues "B," "B" may, by exception of no "right of action," say to "A," "I admit that a cause of action exists and I admit that you may assert it, but I deny that I am among the class of persons against whom it may be asserted."

If a corporation is being operated by a receiver and by negligence "A" is injured, he has a "cause" of action; he has the "right" to assert it against the proper party, but there is no "right" to assert it against the corporation. Hence the exception of no "right" of action is available to the corporation.

In making use of this illustration I am not unmindful of the case of Anding v. Texas & Pac. Ry. Co. et al., 158 La. 412, 104 So. 190, 192, in which the Supreme Court referred to just such an exception as the "exception of no cause of action." But I believe that that reference was inadvertent and resulted from the fact that the exception as filed was styled as one of "no cause of action." The distinction I now seek to make was not sought to be made there and was not necessary to a decision of the case.

If "A" sues "B" for damage, alleging facts which show that she, "A," was injured, and that "B" was solely responsible therefor, she asserts a cause of action and she shows a right in herself to assert that cause. But "B," by exception of no right of action, would be permitted to show that he is the husband of "A" and that, therefore, no right exists against him. The absence of right results as much from "B's" status as the husband of "A" as it does from "A's" status as the wife of "B."

There are many other illustrations to which I might point from which it would appear that oftentimes a plaintiff may assert a good cause of action and may show a right in himself to assert the cause of action, but in which the defendant, by exception of no "right" of action, may show that the cause of action may not be awarded against him.

In two interesting cases the Supreme Court has held that a wife is without right to assert a cause of action for wages earned by her during the existence of the community. Succession of Howell, 177 La. 276, 148 So. 48, and Houghton v. Hall et al., 177 La. 237, 238, 148 So. 37. Let us assume a situation in which the wife is sued and in the suit there is an attempt made to garnishee the wages earned by her. Surely the wife could meet that attempt with an exception of no "right" of action based on the impossibility of pursuing, in the hands of the wife, wages earned by her. So that here, again, is a case in which the exception of no right of action may be availed of by a defendant to challenge the right to

pursue the defendant because of the status of the defendant toward the cause of action.

I point to another class of cases—those in which the defendant enjoys a personal immunity from suit. As illustrative of that type of case I cite Rome v. London & Lancashire Ind. Co., which has several times been before this court and before the Supreme Court. See (La.App.) 156 So. 64; (La.App.) 157 So. 175; 181 La. 630, 160 So. 121; (La.App.) 169 So. 132. One of the defendants in that case, to wit, New Orleans City Park Improvement Association, asserted, as stated by the exceptor, that plaintiff had "no right or no cause of action." The exception was based on the status of the defendant toward the cause of action; in other words, the absence in the defendant of any possible responsibility for its tort actions. Therefore, although the exception was styled "no right or cause of action," it was, in truth, an exception of "no right of action," and I say this although I, myself, inadvertently in the decision which appears in 157 So. at page 175, referred to that particular exception as one of no cause of action. The reference was inadvertent and I am convinced it should have been styled an exception of "no right of action."

Article 346 of the Code of Practice was designed to meet just such a situation as is presented here. That article reads as follows: "Peremptory exceptions, founded on law, may be pleaded in every stage of the action, previous to the definitive judgment; but they must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence."

Here it is contended that defendant is owner of the premises and that he, by reason of that ownership, is liable to plaintiff. If the relationship of owner does not exist, there can be no recovery. Therefore, as a preliminary question, independent of the issues of fact which are involved in the question of fault, it should be determined whether or not defendant is the owner of the premises. That issue is tendered by the exception of no "right" of action. If the defendant is not owner, there can be no recovery. There should be no necessity, then, to try the case on the merits—to adduce testimony concerning the facts of the accident, the evidence concerning fault of negligence —since, if, as a matter of fact, defendant is not owner, there cannot be recovery.

Therefore, when defendant, by exception of no right of action, tendered that issue,

i. e., the ownership of the premises, she was authorized by article 346 of the Code of Practice to go to trial on that issue as a preliminary matter and the judge of the trial court was justified in admitting evidence on that issue and in dismissing the suit on that issue when the evidence showed that defendant was not the owner of the property.

I believe that the exception of no right of action should have been sustained and I, therefore, respectfully dissent.