The City of Gretna brought this suit against Gulf Distilling Corporation, seeking the issuance of a mandatory injunction to compel the defendant to remove a large steel tank from its property. The petition sets forth that the defendant, in erecting the tank on its own land, was notified by city authorities that part of the structure was being placed over its property line and encroached upon the sidewalks of Fried and Second streets; that, notwithstanding such notice, the defendant wilfully and deliberately erected the tank in the manner aforesaid and that it has refused to comply with the city's demand to remove the tank from city property.
To this petition, defendant filed exceptions of no right and no cause of action which are based upon the theory that it is not the owner of the tank; that it belongs to Defense Plant Corporation, a subsidiary of Reconstruction Finance Corporation and that, therefore, the suit cannot be maintained against it. In addition, defendant filed, in the alternative, an exception of non-joinder of parties defendant contending that, at all events, Defense Plant Corporation is a necessary and proper party to the litigation.
On the hearing of the exceptions, defendant tendered and was permitted to introduce evidence for the purpose of establishing its contention that it is not the owner of the tank and, therefore, is not a proper party defendant.
After considering this evidence, the trial judge sustained the exceptions of no right and no cause of action and dismissed the suit. Plaintiff has appealed from the adverse decision.
Preliminarily, we notice that counsel for plaintiff objected to the admission of the evidence offered by defendant in support of its exceptions on the general ground that it was irrelevant and immaterial but not for the reason that defendant's plea was a matter of defense which was addressed to the merits of the case and could not be considered on the trial of exceptions. If objection had been made on the latter ground, we would have been obliged to sustain it on the authority of Duplain v. Wiltz, La.App., 174 So. 652. However, in view of the fact that it was *Page 740 
not made, we shall consider the pleadings as enlarged by the evidence submitted in the District Court in support of defendant's contention.
The evidence produced by defendant discloses the following:
That it is the owner of a distilling plant in the city of Gretna, wherein it produces commercial alcohol under contracts with Defense Plant Corporation, which was created to aid the government of the United States in its national defense program. On March 25th 1943, defendant made a contract with Defense Plant Corporation, which is styled "Agreement of Lease" and by which the Defense Plant Corporation agreed to furnish it with funds to purchase and install all such equipment as was necessary for the production of alcohol in the war effort. Paragraph 8 of this contract provides:
"Title to the Machinery to be acquired hereunder shall, unless and until the same shall be transferred by Defense Corporation in accordance with the provisions hereof, be vested in Defense Corporation, and such Machinery shall remain personalty notwithstanding the fact that it may be affixed or attached to realty."
The agreement further declares that, upon the acquisition of any machinery or equipment to be used by the defendant at its plant in the production of alcohol, the Defense Plant Corporation leases the same to it in consideration of a rental in an amount equal to 5 1/2% on all amounts expended by Defense Plant Corporation for its purchase and installation, which rental shall be paid quarterly and, when the total payments shall equal the amount expended by Defense Plant Corporation, plus interest, defendant shall not be required to pay further rental. It is also provided that, at the termination of the lease, defendant is given the right and option to purchase the machinery and equipment from Defense Plant Corporation on terms and conditions and at a price set forth in paragraph 12, page 6, of the contract.
It is under this agreement that defendant erected the tank, which is alleged to encroach upon public sidewalks of the city of Gretna, and it is contended that, since it is shown that the legal title to this tank is vested in Defense Plant Corporation, plaintiff is obviously without a right or cause of action to require defendant to remove it as lessee of the property.
This proposition would be tenable were it not for the fact that the agreement relied upon by defendant provides that it, as lessee, and not Defense Plant Corporation as owner, is responsible for any violation of State, municipal or local laws in the operation of the distilling plant and in the erection of any machinery, equipment, etc., acquired by the Defense Plant Corporation. Paragraph 17 of the contract reads as follows:
"In carrying out the Acquisition Program and in the operation of Lessee's plant and any of the Machinery to be acquired hereunder Lessee agrees to comply with all applicable State, municipal and local laws and the rules, orders, regulations and requirements of any departments and bureaus and of local ordinances and regulations and further agrees to indemnify and hold Defense Corporation harmless from any liability or penalty which may be imposed by local or State authority or any department or bureau thereof by reason of any asserted violation by Lessee of such laws, rules, orders, ordinances, regulations or requirements."
It seems plain to us that the foregoing provision affords a full answer to defendant's plea. It is admitted that defendant erected the tank; that it was notified at the time of erection that a portion of it was being placed on city property and that it, nevertheless, persisted in the encroachment. The mere fact that Defense Plant Corporation holds the legal title to the tank does not relieve defendant of the duty of removing it from plaintiff's property, since the very contract on which defendant relies clearly contemplates that Defense Plant Corporation is not to be responsible for any unlawful acts committed by the defendant either in the operation of its plant or in the erection, operation, maintenance, etc., of any machinery or property acquired under the agreement and further imposes upon the defendant the obligation of indemnifying and holding Defense Plant Corporation harmless in the premises.
Hence, it follows that defendant is not only a proper party to this proceeding but the real party in interest.
For the reasons assigned, the judgment appealed from is reversed; the exceptions filed by the defendant are overruled and the case is remanded to the Twenty-Fourth Judicial District Court for further proceedings in accordance with law and not *Page 741 
inconsistent with the views herein expressed. The costs of this appeal are to be paid by defendant-appellee and other costs are to await final disposal of the case.
Reversed and remanded.