LOUIS H. YARRUT, Judge ad hoc.
The City of Gretna prosecutes this appeal from a judgment, dismissing its suit' for the expropriation of defendants’ property on an exception of no right or cause of action, based on the failure of the City to allege and attach to its petition the resolution of ordinance of the Board of Aldermen authorizing the expropriation.
■ The City alleged itself to be a municipal corporation; that the public interest required that.25th Street be extended to the western boundary of the City; that a canal for drainage purposes had to be dug on said extension; ■ that defendants’ property (as described) was necessary for such exten *874 sion; and that it sought amicable settlement at a fair price, without avail.
The court fixed a date for the hearing, and defendants were cited and ordered to answer within ten days from service as required by law. While the defendants were served on different dates, neither defendant answered within the ten days. The answer when filed was a general denial or, in the alternative, a plea to be paid a fair price for the property.
Subsequently, ’and at different intervals, defendants filed three exceptions of no cause or right of action. The first was leveled at the failure of the City to attach to its petition a plan of the property with a description of the improvements thereon, as required by LSA-R.S. 19:2.1, Subdivision A (2). The City complied with the exception and furnished a plan. The second exception was made to the sufficiency of the plan but was overruled. These exceptions, though labeled exceptions of no right or cause of action, were in effect exceptions of vagueness for the failure to make essential allegations.
Later, the third exception was filed shortly before the day set for the hearing and was based on the failure of the City to allege and attach a resolution or ordinance of its Board of Aldermen authorizing the expropriation. The attorney for the City offered to produce the resolution or ordinance. The court took the matter under advisement and later maintained the exception and dismissed the City’s suit, without leave to the City to file the resolution or ordinance.
The City contends the court erred in maintaining this exception because the answer of defendants was not filed within the ten days required by law, which failure constituted a waiver of all defenses except the value of the property to be expropriated.
Defendants, on the other hand, contend that LSA-R.'S. 19:2.1 makes it a mandatory condition for the exercise of the right of expropriation granted under LSA-R.S. 19:2 that the petition for the expropriation contain, inter alia, the plan of the property and a description of the improvements thereon; until these mandatory conditions were complied with they were not required to answer.
This contention is untenable. LSA-R.S. 19:2.1, making it 'mandatory to include certain recitals in the petition for the expropriation, and LSA-R.S. 19:6, making it mandatory that defendants file their answer within ten days after service, and LSA-R.S. 19:7, providing that the failure to file an answer within ten days shall constitute a waiver of all defenses except claim for compensation for the property and damages, are all statutory provisions governing expropriations and must be read and construed together. The mandatory requirements of LSA-R.S. 19:2.1 are merely a statutory recital of the information a defendant in an expropriation proceeding is entitled to get, which he can demand by timely exception or answer. LSA-R.S. 19:6 and 7 are equally mandatory that the failure to answer or plead within ten days is considered a forfeiture and waiver by defendant of all pleas other than quantum and damages.
 Since the public interest requires that expropriation proceedings be concludr ed promptly, without- delay or filibustering, and the statute fixes a summary proceeding and a penalty for failure of defendant to answer promptly, such penalty must be strictly enforced.
It must be remembered that the exception of no right or cause of action does not question the right of the City to expropriate, because LSA-R.S. 19:2, Subdivision (1), specifically gives this right to all political corporations and subdivisions of the State, when the' property is needed for public purposes. The capacity of a plaintiff to exercise the right of eminent domain or expropriation can be challenged at any stage of the proceedings; otherwise a failure to comply with statutory pleading might give an unconstitutional right of eminent domain to a private corporation for a private purpose.
 The question whether an exception of no right or cause of action can be urged at any stage of the proceeding, even after ten days, however, is not at issue *875 here. The exception that no ordinance or resolution was passed by the City, authorizing the expropriation proceeding, is an exception of want of capacity, either in the person representing the City or in the attorney filing the suit, and the exception of want of capacity is a dilatory exception that must be filed in limine litis. C.P. art. 320 provides that the defendant may refuse to answer to the merits if he has good ground for such refusal, as if the suit is brought by one pretending to act as the attorney in fact of the plaintiff and he failed to annex to the petition a copy of his power of attorney. Even if the exception of want of capacity were a peremptory exception it is one of form and must be pleaded in limine litis. 'C.P. art. 344.
Furthermore, had the exception of want of capacity been filed timely, and in limine litis, the court should not have dismissed the suit but should have permitted an amendment under the authority of Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, or should have heard evidence as to the passage of the resolution or ordinance under the authority of Soniat v. White, 153 La. 424, 96 So. 19; Id., 155 La. 290, 99 So. 223.
Since the exceptions of no right or cause of action were exceptions of vagueness and want of capacity, and, like the answer, were filed more than ten days after service of citation, in contravention of the statutes; the penalty for such failure must be invoked. In State v. Landry, 219 La. 456, 53 So.2d 232, 235, the Supreme Court, in construing LSA-R.S. 19:6 and 7, said:
“ * * * By their failure to have filed their answer and serve a copy on the plaintiff within ten days after notice, as required by law, defendants have waived their other defenses with respect to the necessity of the expropriation of their property at all, and the alternative defense that more of their property is sought to be expropriated than is necessary. * * * ”
And in State v. Landry, 219 La. 721, 53 So.2d 908, 909, the Court said:
“ * * * in view of defendant’s failure to file his answer timely, he is presumed to have waived all defenses except claims for money .as compensation and as damages. * * * ”
Accordingly, the judgment is reversed and the case is remanded to the district court to be proceeded with solely on the question of claims for money as compensation and for damages;. appellees to pay the costs of this appeal.
Reversed and remanded.
McBRIDE and REGAN, JJ., absent.