REID, Judge.
Plaintiff, Georgia Pacific Corporation, filed suit in the Seventeenth Judicial District Court to enforce a materialman’s lien against certain property owned by the defendant, Samuel E. Condrey. The plaintiff also seeks a money judgment against Samuel E. Condrey, as owner, and B.G.M. Builders, a commercial partnership, as con *79 tractor, and against the three individual members of the partnership.
Samuel E. Condrey, the owner, filed an exception of no cause of action based on the ground plaintiff had failed to allege he had served a sworn detailed statement of his claim on defendant as required by LSA-R.S. 9:4802 and 9:4806. Subsequent to the filing of this exception the plaintiff amended its petition to allege it had served the sworn detailed statement of its claim by registered mail and the Lower Court held the amendment of the petition disposed of the exception of no cause of action.
Condrey filed a second exception which he labelled “an exception of no right of action” in which he alleged he was never served in any manner or at any time with a sworn detailed statement of petitioner’s claim as required by LSA-R.S. 9:4802 and 9:4806. At the trial of this exception the Lower Court permitted the defendant, Condrey, over the objections of the plaintiff, to introduce in evidence the duplicate original of the lien affidavit which was mailed to the defendant by registered mail within 30 days of the filing by him of a notice of protest. Both the plaintiff and the defendant admitted no sworn itemized account was mailed to defendant by the plaintiff alihough a sworn itemized account was annexed to the lien affidavit which was filed in the office of the recorder of mortgages for the Parish of Terrebonne. After considering this evidence the Trial Court held the lien affidavit served upon the defendant did not meet the requirements of LSA-R.S. 9:4802 and 9:4806, i. e., the lien affidavit was not a sworn detailed statement of the materialman’s claim and accordingly sustained the defendant’s exception of no right of action. Plaintiff thereupon entered this appeal from the ruling of the Court.
This second exception, termed an “exception of no right of action” which is based on the failure of the plaintiff to serve a sworn detailed statement of his claim upon the defendant, is in truth an exception of no cause of action. The distinction between an exception of no cause of action and no right of action has been the subject of much confusion because they are indiscriminately employed by members of the bar.
The distinction between the exceptions was well defined in Roy O. Martin Lumber Co. v. St. Denis Securities Co., 225 La. 51, 72 So.2d 257:
“Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, La.App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. . Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra [La.App., 174 So. 652] and LaCasse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012.”
See also Clark v. Mandeville, La.App., 105 So.2d 313, and all cases cited therein.
It was alleged in Georgia Pacific Corporation’s amended petition plaintiff served upon the defendant a sworn detailed statement of its claim. Whether or not the lien affidavit is a sworn detailed statement is a question which must be determined upon the trial of the merits. The plaintiff has alleged a cause of action. He is entitled to a day in Court at which time he must prove facts sufficient to allow him to recover.
*80 We are not passing upon the effect of the testimony offered in the Trial Court on the “exception of no right of action.” It was inadmissible because the exception was in fact an exception of no cause of action. Article 931 of the LSA-Code of Civil Procedure provides no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.
For the foregoing reasons the judgment of the District Court is reversed, the exception of no right of action is overruled and the case remanded to the District Court for further proceedings in accordance with' law and not inconsistent with the views herein expressed.
Reversed and remanded.