REGAN, Judge.
Plaintiffs, Mr. and Mrs. Herbert Ahten, Sr,, have appealed from a summary judgment, dismissing their suit against the defendant, Citizens Homestead Association, a lending institution which financed the construction and remodeling of plaintiffs’ home. Plaintiffs alleged that defendant’s failure to supervise and approve the contractor’s work before making progress payments of $6,300.00 encouraged the contractor to breach his obligation, thus causing plaintiff to incur additional expense to have the work performed and mental anguish in so doing.
The defendant filed a motion to dismiss the appeal, predicated on a decision of this court in another phase of this litigation.[1] That decision involved the right of the defendant to institute a third party action against the defaulting contractor and his surety, wherein we reversed the trial court’s judgment dismissing the third party action.
At this point it is necessary to briefly review the plaintiffs’ dispute with the contractor, his surety and the lending institution. Originally, plaintiffs instituted suit for damages against the contractor and surety only. The Homestead was not made a party to this action. The matter ultimately was compromised and therefore was never tried. Then plaintiffs filed the instant suit, and the defendant herein filed a third party action against the contractor and his surety.
In reversing the trial court’s dismissal of the third party action, this court pointed *402 out that defendant herein was not a party to the compromise agreement between plaintiffs, the contractor and his surety and was, therefore, not bound by it. In that opinion the court stated:
“The damages claimed by plaintiffs against Citizens were not caused by Citizens’ failure to supervise, or its premature progress payments. Had the contractor properly performed its contract plaintiff would have suffered no damage, particularly the $7,500.00 excess cost of completion.”
Predicated on this language, the trial court concluded that we have determined defendant herein did not cause the damages incurred by plaintiffs and accordingly rendered a summary judgment dismissing plaintiffs’ suit.
Defendant relies on the above quoted section of our previous opinion in urging the dismissal of plaintiffs’ appeal from the summary judgment. Defendant contends that in view of the fact that this court has already expressed an opinion that it is not liable for damages, it would be a useless gesture for us to again consider the merits.
We find no merit in this contention. Although the quoted language might indicate a view that the defendant lending institution is not liable in damages, the effect of that language is limited only to the question decided in that opinion, namely, that the defendant could maintain a third party action against the contractor and the surety.
In Soniat v. White,[2] the Supreme Court refused to dismiss an appeal from a judgment maintaining defendants’ exception of no right or cause of action and refusing to issue an injunction. That court previously had refused to grant a writ of certio-rari and mandamus compelling the district court to grant the injunction, and in refusing the writ, had commented on the merits of plaintiffs’ suit for injunctive relief. The court pointed out that the plaintiffs had a constitutional right to an appeal on the merits, stating in part:
“It is true, this court, in its former opinion, expressed its views concerning the causes of complaint upon which the application for injunction was based, but the only question which was before the court for adjudication, at that time, was whether or not the applicants were entitled to a mandamus compelling the district judge to issue the injunction applied for. All that was decided was that it was not the mandatory duty of the judge to issue the injunction, and the proceeding for mandamus was dismissed.
“In this proceeding; plaintiffs are insisting upon their constitutional right of appeal to have this court pass upon the judgment of the district court maintaining the exceptions of no cause or right of action and dismissing their suit. We think they are entitled to their appeal. In order to constitute res judicata, the thing demanded and the object of the judgment must be the same. * * * ”
Applying that reasoning to the instant case, we are of the opinion that plaintiffs are entitled to prosecute an appeal from the summary judgment dismissing their suit.
Plaintiffs have filed a motion to limit the record on this appeal to the pleadings, judgments and building contract, alleging that all other matters are extraneous. Plaintiffs filed a document designating those portions of the record they desired to be lodged with this court. However, the defendant also filed a designation of those parts of the trial proceeding it wished included in the appeal record, which, in effect, would bring the entire record of the proceedings before this court. Plaintiffs assert this is unnecessary and request us to exclude those parts of the record designated by the defendant.
It is unnecessary for us to determine whether the transcript of the testimony and *403 other pleadings designated by the defendant are extraneous, because under LSA-C.C.P. Article 2128, either litigant has the right to have included in the record any portion of the pleadings or proceedings in the trial court. That article provides:
“The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. * * * ”
For the reasons assigned, both the motion to dismiss this appeal and the motion to limit the record on appeal are denied.
Motion to dismiss denied: motion to limit the record denied.

. Ahten v. Citizens Homestead Association, La.App., 144 So.2d 660.

. 155 La. 290, 99 So. 223.