In re: Claude Rozas et al. applying for certiorari, or writ of review, to the Court *1019 of Appeal, Third Circuit, Parish of Evangeline, 214 So.2d 398.
The application is denied. Since the record fails to show plaintiffs’ objection to the admission of the resolution the result is correct.
SANDERS and BARHAM, JJ., are of the opinion a writ should be granted. The omission of the objection from the record was corrected in the Court of Appeal. The decision is controlled by Article 931, Louisiana Code of Civil Procedure.
ADDENDUM
Subsequent to our denial of the application herein on November 15, 1968, based on the ground that the result was correct “Since the record fails to show plaintiff’s objection to the admission of the resolution * * * ”, we received on November 21, 1968 an order of the Court of Appeal, Third Circuit, to the effect that the record on appeal was supplemented to show that plaintiff had timely objected to the admission of such resolution in the trial court. Nevertheless, although it does not appear from the reasons assigned for denying plaintiff’s application, we were and still are of the opinion that the result reached by the Court of Appeal is correct in view of the decisions in Soniat v. White, 153 La. 424, 96 So. 19 and 155 La. 290, 99 So. 223. The exercise of our supervisory jurisdiction tinder the circumstances here presented, which disclose that the State Bond and Tax Board has approved the tax sought to be levied as a result of the election, a fact which plaintiff does not deny, would only serve to further delay the levy and collection of the tax contrary to the rule that procedural formalities are liberally interpreted in suits to prevent the collection of taxes where time is of the essence in order to insure the uninterrupted operation of governmental functions.
Plaintiff does not contend herein that the certified copy of the resolution of the State Bond and Tax Board is irregular in any respect, or that if the case were remanded to the lower court he could show that it is not genuine. Under such conditions, it would be vain and useless to exercise our supervisory jurisdiction to correct a purely technical error when a remand of the case for further proceedings would prove fruitless to plaintiff’s cause as he simply alleges on information and belief in paragraph 12 of his petition that the election and tax “ * * * has not been approved by the State Bond and Tax Board”, when in truth and fact the allegation is refuted by the certified copy of that Board’s resolution, a public record (see R.S. 47 :- 1802), which has been received by the Court under Article 1394 C.C.P.
. We also note that counsel for plaintiff has filed a so-called supplemental and amended application for writs which is, in reality, an application for a rehearing. This application may not be considered. *1021 See Section 5 of Rule XI of the rules of this Court.
HAMITER, J., is of the opinion that the so-called supplemental application for the writ of review is merely a petition for a rehearing as to our refusal of the original application which was effected on November 15, 1968; and, hence, it should not be considered in view of the provisions of Rule XI, Section 5,
SANDERS, J., adheres to his opinion that a writ should be granted.
BARHAM, J., remains of the opinion that the writ should be granted. Soniat v. White recognized the error here complained of and under our present Code of Civil Procedure providing for summary judgment and other liberal rules of pleadings, that opinion is not supportive of the rulings below.