The plaintiff brought this suit to recover from defendant the sum of $300 alleged to be due for the rent of certain property in Morgan City covered in a lease from plaintiff to defendant, copy of which is annexed to plaintiff's petition and is dated October 30, 1944. The lease provides for the payment of an annual rental of $300 in advance beginning on October 28, 1944, and continuing for a period of 10 years. It is conceded that the rent was paid for the year ending October 28, 1945, and it is admitted that the defendant has not paid the rent due in advance on October 28, 1945. This suit is to recover that rent.
The defense is that by an oral agreement entered into at the time of signing the lease, the plaintiff was to remove two buildings on the property in order for defendant to use the tract of land for the purposes for which it was leased. Defendant alleges that he notified plaintiff to remove these two buildings in March, 1945, and again in June, 1945, but the plaintiff failed and refused to do so. *Page 407 
The trial court rendered a judgment in favor of defendant, rejecting plaintiff's demands, and he has appealed.
The testimony was not taken verbatim, bnt there is in the record a stipulation certified by the court stenographer as to an agreement by counsel in regard to the facts. In substance, this stipulation states that the plaintiff testified that an agreement was made at the time of the lease that the two buildings on the property would be removed but that they were not to be removed until the defendant had submitted a permit for the erection of a wharf and had paid $75 in cash as his part of the expense for removing the buildings; that if this amount was not sufficient, plaintiff was to pay the balance of the expense; that defendant never presented him with a permit nor paid the $75 as his part of the expense for removing the buildings. It was stipulated that plaintiff's son testified along the same line as plaintiff in regard to this matter.
The stipulation states that the defendant testified that plaintiff had agreed to move the buildings and that he (defendant) was to pay whatever the expense was of moving the buildings in excess of $75. Defendant denied that he was to get a permit and further testified that he notified plaintiff to remove the buildings in March and June, 1945, per copies of letters introduced in the record; that he did not write these letters, but signed and mailed them after they were typewritten.
The notary who drew the lease testified that something was said about removing the buildings, but he could not remember who was to pay the expense. It is shown that plaintiff continued to collect rent on these two buildings at $10 per month each up to the trial of the case.
[1] The plaintiff as lessor was bound by the nature of his contract to deliver the property leased to the lessee; to maintain the property leased in such condition as to serve for the use for which it was leased, and to cause the lessee to be in peaceable possession of the property during the lease. Civil Code, Article 2692. It is conceded that the two houses on the plot of ground were to be removed in order for the property to be used for the purposes for which it was leased; viz., for the erection of a shrimp factory.
[2] There is a difference in the evidence as to whether plaintiff was to pay the expense of removing the buildings up to $75, or whether the defendant was to pay that amount of expense and the plaintiff was to pay the balance. The law placed the obligation on the plaintiff to put the defendant in possession of the property as lessee, and it is reasonable to presume that plaintiff as lessor assumed this obligation, and the burden rested on him of proving that the defendant had relieved him of this obligation by the verbal agreement. We are not prepared to hold that the plaintiff has proved the discharge of his obligation to deliver the property in such condition as to be used for the purposes of the lease.
In fact, plaintiff admits that he has continued to collect almost as much rent on the two houses on the lot as he would have received from the defendant under his written lease. It is hardly reasonable to believe that the parties contemplated by their verbal agreement that plaintiff would continue to collect rent on the two houses which prevented him from delivering the plot of ground to the defendant to be used for a shrimp factory, and at the same time require the defendant to continue paying the annual rent of $300.
[3] Learned counsel for plaintiff contends that, as the defendant does not ask for a cancellation of the lease, he is still bound under its terms for the payment of the annual rent; that unless the lease is cancelled plaintiff is still bound should the defendant later seek to enforce the lease. We do not think it was necessary for the defendant to ask for a recission of the lease in its entirety, as the failure of plaintiff to comply with his obligations under the lease has relieved the defendant of paying the rent for which this suit was brought. The question of whether the lease has been cancelled for the remainder of the term is not before us.
While the plaintiff denied receiving the two written notices from defendant requesting him to remove the two buildings, defendant testified that he signed and mailed *Page 408 
the notices, and the trial judge must have believed the defendant's testimony on this point.
Finding no error in the judgment appealed from, the same is hereby affirmed at plaintiff's cost in both courts.