263 So.2d 22

Willie MAJOR

v.

Marvin E. HALL and Mrs. Estelle A. Hall.

No. 51779.

June 5, 1972.

Johnnie A. Jones, Baton Rouge, for plaintiff-applicant.

G. Emitte Core, Baton Rouge, for defendants-respondents.

DIXON, Justice.

A writ of certiorari was directed to the First Circuit Court of Appeal "limited to the question of damages in accordance with assignment of error." 259 La. 893, 253 So.2d 220.

On March 12, 1969 defendants Marvin E. Hall and Estelle A. Hall leased a parcel

of land and automobile service station at 4055 Capitol Avenue, Baton Rouge, to the plaintiff, Willie Major. The term of the lease was ten years at a monthly rental of $190.00. Three provisions of the lease are pertinent to this litigation:

"Lessee may not sublet all or any part of the premises without the written consent of Lessors . . . .

". . . Lessors agree not to exercise any landlord's remedies against Lessee by reason of any default unless and until Lessor shall have given to Lessee written notice by registered mail of the default and unless Lessee shall have failed to remedy such default within a period of thirty (30) days from the giving of such notice.

"No waiver by either party . . . of any breach of any of the covenants or conditions herein contained to be performed by the other party, shall be construed as a waiver of any succeeding breach of the same or any other covenant or condition."

Plaintiff had operated a service station at the same location for fifteen years preceding the lease given by the defendants under a lease from Humble Oil and Refining Company. Sometime during that period, plaintiff made an agreement with his on-and-off employee, one Cleon Knighten, whereby Knighten would run the service station and pay plaintiff the fixed monthly sum of $285.00. He intended that Knighten run the service station until plaintiff's son had finished college and took over the business. Plaintiff did not operate the business. Although he retained a key to the premises, he made only infrequent visits there.

The defendants learned of the agreement that plaintiff had with Knighten. They considered the agreement to be in violation of the no subletting provisions of the lease. On May 29, 1969 defendant Marvin Hall sent a registered letter to plaintiff putting him in default and notifying him that the lease would be terminated unless the default was cured within thirty days. The letter was sent to plaintiff's mail box, but plaintiff did not pick up the letter. The letter was returned to the defendant. Defendant did not attempt to redeliver the letter. Defendants continued to receive rental payments for the next ten months.

On April 1, 1970 defendant Marvin Hall leased the premises to Knighten for $230.-00 per month rent. They changed the locks on the premises thereby, for all intents and purposes, evicting the plaintiff. On April 16, 1970 defendant sent plaintiff a certified letter notifying him that defendants considered the arrangement that plaintiff had with Knighten and plaintiff's failure to make rental payments on time violations of the lease. The letter put plaintiff in default and notified him to vacate the premises. Enclosed in the letter

was a copy of the unreceived letter of May, 1969.

Plaintiff instituted the present suit for damages for wrongful eviction and to enjoin defendants from disturbing plaintiff's use of the premises. The defendants contend that the plaintiff's arrangement with Knighten was a sublease without their consent and that the letters of May, 1969 and April, 1970 satisfied the notice and grace period requirements of the lease.

The trial court dismissed the plaintiff's suit, holding that there was a sublease, that the letter of May, 1969 complied with the requirement of notice, and that the defendants' termination of the lease was not unreasonable. The court further held that the defendants were justified in leasing the premises to Knighten before taking the steps necessary to evict the plaintiff.

The Court of Appeal found that the plaintiff's agreement with Knighten was a sublease, that the letter of May, 1969 satisfied the lease's notice requirements, that the defendants' silence and acceptance of plaintiff's rental payments from May, 1969

to April, 1970 amounted to a waiver of plaintiff's breach and a waiver of the notice of default in the May, 1969 letter, and that the defendants' lease of the premises to Knighten was an unlawful exercise of the landlords' remedies. The court refused to grant damages for the unlawful eviction, finding the plaintiff had failed to introduce evidence proving damages at the trial. Accordingly, the court reversed the trial court, made the rule absolute and restored plaintiff to the peaceful possession of the premises. See La.App., 251 So.2d 444.

By granting a writ of review limited to the question of damages, we found that plaintiff's petition sought not only injunctive relief but also damages. By its decision, the Court of Appeal merely granted a preliminary injunction.

The Court of Appeal correctly refused to allow damages but for the wrong reason. Damages are not recoverable on a rule to show cause. C.C.P. art. 2592 does not provide for the recovery of damages in summary proceedings.[1] Damages, in the

---

1. "Summary proceedings may be used for the trial or disposition of the following matters only:
   "(1) An incidental question arising in the course of litigation;
   "(2) An application for a new trial;
   "(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause;
   "(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted;
   "(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative;

absence of special provisions, may only be recovered *via ordinaria*. The only trial in the district court was on the rule for injunctive relief.

For the reasons assigned, the judgment of the Court of Appeal rejecting plaintiff's demand for damages is reversed, at defendants' cost, and the case is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings on the petition for damages according to law and consistent with the views herein expressed.

263 So.2d 25

**O'Neil J. LEGENDRE, Jr.**

v.

**Matthew E. HILL et al.**

**No. 51681.**

June 5, 1972.

"(6) A habeas corpus, mandamus, or quo warranto proceeding;
"(7) The determination of the rank of mortgages and privileges on property sold judicially, and of the order of distribution of the proceeds thereof; and
"(8) All other matters in which the law permits summary proceedings to be used."