PICKETT, Judge.
This appeal is limited to the question of damages sustained by plaintiff, Willie Major, resulting from his wrongful eviction as lessee of defendants. This court determined the issue of the wrongful eviction at *487 251 So.2d 444. The Supreme Court granted a writ of certiorari limited to the question of damages, and ordered the case remanded to the district court for further proceedings on this question. 262 La. 243, 263 So.2d 22.
The facts giving rise to this suit are fully set forth in the previously reported decisions. Briefly, Willie Major leased'certain service station premises from the defendants on March 12, 1969, for a monthly rental of $190.00. Soon thereafter, he sublet the premises to one Cleon Knighton, in violation of a condition of the lease, for a monthly rental of $285.00.
When the defendants discovered this arrangement, they unsuccessfully attempted to serve notice of default on the plaintiff. On April 1, 1970, the defendants themselves entered into a lease of the same premises to Cleon Knighton for a monthly rental of $230.00. They changed the locks and effectively evicted Mr. Major. This action violated another provision of the lease requiring notice of default to the lessee.
The judgment of this court declaring the eviction to be wrongful and ordering Mr. Major to be restored to the peaceful possession of the leased premises was rendered on June 30, 1971.
The trial court, on remand, awarded damages to plaintiff based on the difference between the $190.00 per month he had been paying to defendants and the $285.00 per month he had been receiving from Cleon Knighton prior to the eviction. The court rejected the plaintiff’s other claims for the value of the unsold accessories or merchandise, loss of profit and loss of good will, holding that those claims and the attempted proof thereof “were so speculative in nature that it was impossible to measure damages with any exactitude.”
The plaintiff has appealed contending that the trial court erred in rejecting these other claims. Defendants have answered the appeal .contending that the trial court erred in awarding damages, since the award was based on the profit the plaintiff had been making by reason of a deliberate violation of the lease, i. e., the sub-lease to Knighton.
Our review of the record reveals that the plaintiff’s testimony relative to his claims for loss of profits and good will and damage to his reputation is not corroborated by other evidence and, in fact, is not particularly definite in itself. If he did suffer financial loss from being unable to engage in the business, we, like the trial judge, are unable to determine in what areas and in what amounts such loss occurred with any degree of certainty. We affirm the rejection of these claims.
We do agree with the defendants’ contention that the trial judge’s award cannot logically, or legally, stand since it was based on the theory or assumption that Mr. Major was entitled to a monthly profit of $95.00 from the sublease arrangement, when this was a patent violation of the lease itself and grounds for the termination thereof. In our opinion, the award should rather be based on what the defendants realized over and above the $190.00 monthly rental under the lease due to their wrongful eviction of the plaintiff and their subsequent contract with Mr. Knighton for $230.00 per month, from the date of the eviction until the date the judgment of this court was rendered ordering the plaintiff be restored to the peaceful possession of the premises, on June 30, 1971.
For the above and foregoing reasons, the judgment of the trial court is amended to reduce the amount of the award to $40.00 per month for the period of April 1, 1970, to June 30, 1971, and as amended the judgment appealed is affirmed, at plaintiff-appellant’s costs.
Amended and affirmed.