GARRISON, Judge.
This is an appeal from a judgment of the First City Court, Parish of Orleans, denying HANO’s rule to evict defendant Mary Wilson, granting partial rent abatement to Mary Wilson for the months of January, February, and March, 1986 and ordering Mary Wilson to pay back due, partially abated rent in the amount of $51.00.
From that judgment, both Mary Wilson and HANO appealed. HANO’s appeal, however, was dismissed as untimely because it was late by over 30 days. On appeal, defendant argues that the trial court erred in granting a money judgment in a summary proceeding on a rule to show cause why Wilson should not be evicted.
This is an eviction rule. Thus in this summary proceeding the trial court can render only two possible judgments: (1) granting the rule to evict or (2) denying the rule to evict.
*566 In Major v. Hall, 262 La. 243, 263 So.2d 22 (La., 1972) the Supreme Court stated:
“The Court of Appeal correctly refused to allow damages but for the wrong reason. Damages are not recoverable on a rule to show cause. C.C.P. art. 2592 does not provide for the recovery of damages in summary proceedings. Damages, in the absence of special provisions, may only be recovered via ordina-ria. The only trial in the district court was on the rule for injunctive relief.” (263 So.2d at 24).
In Himbola Manor Apartments v. Allen, 315 So.2d 790 (App. 3rd, 1975) the court reiterated the holding of Major:
“On the first point, the law of this state is clear to the effect that damages, in the absence of a special provision, may only be recovered in an ordinary proceeding. Major v. Hall, 262 La. 243, 263 So.2d 22 (1972). The only trial in the district court was on a rule to show cause why eviction should not ensue and for possession of the premises. C.C.P. Art. 2592 does not provide for the recovery of damages in such a summary proceeding, nor have we found or been referred to any other provision providing for same in a case of this kind.” (At 794).
In Friedman v. Hofchar, Inc., 424 So.2d 496 (App. 5th, 1983) the court again cited Major as good law:
“This was a summary proceeding, and the Supreme Court of Louisiana has said, in Major v. Hall, 262 La. 243, 263 So.2d 22 (1972), that money damages are not recoverable in summary proceedings on a rule to show cause.
Prom Major:
‘Damages, in the absence of special provisions, may only be recovered via ordinaria.’
Title XI does not contain any ‘special provisions’ allowing a lessor to recover anything but the leased premises via the summary process. The lessor may, of course, proceed via ordinaria to recover unpaid rent or anything else owed by the lessee.
Accordingly, the money judgment in favor of Friedman in this possession suit was inappropriate.” (At 500).
HANO’s rule for possession sought eviction on the grounds of $437.06 past due rent, representing the period May-December, 1985 plus legal charges added to her rent bill.[1] A fire occurred in Wilson’s apartment. Prior to the fire, Wilson had reported to HANO several times that sparks of electricity would regularly shoot from the outlets, switches, and fixtures. After the fire, it took HANO from May through December of 1985 to repair the fire damage. This is not a situation in which repairs were ongoing throughout the 8-9 month period. HANO did not begin repairs until December 2, 1985. Pictures introduced into evidence indicate the horrible conditions in which Wilson lived prior to the fire repairs. The trial court apparently found that Wilson was justified in withholding 100% of the rent for the period in which she was forced to live in the sooty, fire damaged apartment and dismissed HANO’s rule for eviction. Unfortunately, the judgment did not include such an order. Accordingly, we amend the judgment below to provide as follows:
“IT IS ORDERED, ADJUDGED, AND DECREED that HANO’s rule to evict be and hereby is dismissed.”
That portion of the judgment amended is affirmed as amended and that portion of the judgment ordering rent payments of $51.00 for January, February and March, 1986 is reversed.
AMENDED AND AS AMENDED AFFIRMED IN PART; REVERSED IN PART.

. HANO lost a suit against Mary Wilson, seeking to evict her on the basis of the fire. When HANO lost, it then applied its legal costs to Wilson's rent bill. It also includes $5.00 per month late fee and $51.53 repair charges.