511 So.2d 62 (1987)
Jerome MOORE, Plaintiff-Appellant,
v.
CAMERON PARISH SCHOOL BOARD, Defendant-Appellee.
No. 86-723.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*63 Guillory, McGee and Fontenot, A. Frank McGee, Eunice, for plaintiff-appellant.
Jones, Jones and Alexander, J.B. Jones, Jr., Cameron, for defendant-appellee.
Before FORET, KNOLL and CULPEPPER[*], JJ.
KNOLL, Judge.
Jerome Moore (Moore) appeals the dismissal of his claim against the Cameron Parish School Board (Board) for the return of his lease payment for immovable property and damages for the Board's failure to provide him with access to the land it leased him. The trial court dismissed Moore's claim on an exception of no cause of action filed by the Board. Moore contends on appeal that the trial court erred in its conclusion that a lessee has no cause of action against his lessor for return of rent and/or damages when the lessor fails to provide the lessee with access to the leased property. We reverse and remand.

FACTS
Moore bid on a section of land owned by the Board and eventually was granted a surface lease for hunting, trapping and pasture. The lease was granted for a period of five years at an annual rental of $6250.00.
Moore paid the Board for the first year of rental. However, when he attempted to reach the leased section he learned that there was no public access to the land and the neighboring landowners refused him egress and ingress.
Moore immediately demanded assistance from the Board to obtain ingress and egress to the leased property. The Board declined to assist saying it did not advertise the lease as having public access.
Moore initially sued the Board and the neighboring land owners seeking: (1) an injunction against the Board prohibiting it from readvertising the section for lease; (2) a right of ingress and egress to the property; and (3) return of the first year's lease payment. After denial of the injunction, Moore dismissed the neighboring landowners from the law suit, and amended his action against the Board to include a prayer for damages for failure to enjoy the hunting lease.
The Board filed an exception of no right or cause of action alleging it had no duty to provide access to the leased property. After Moore failed to pay the second year's rent, the Board readvertised the section and leased it to someone else.

PEREMPTORY EXCEPTION
From the outset we find it appropriate to comment on the importance to distinguish the exception of no right of action from that of no cause of action.
In Parks v. Winnfield Life Ins. Co., 336 So.2d 1021 (La.App. 3rd Cir.1976), writ denied, 339 So.2d 351 (La.1976), we stated:
"`Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain this suit, i.e., ... his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, 12 So.2d 700 (La.App.Orl.Cir.1943). The latter is triable entirely on the face of the papers, while evidence may be received under an *64 exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra, [174 So. 652 (La.App.Orl. Cir.)] and La Casse v. New Orleans, T. & M.R. Co., 135 La. 129, 64 So. 1012.'
* * * * * *
We therefore conclude that under LSA-C.C.P. Article 931 evidence admitted without objection at a pretrial hearing on an exception of no cause of action should not be considered in deciding the exception. The apparent harshness of this rule is tempered by the availability of the Motion for Summary Judgment which provides for admission of evidence. La. C.C.P. Article 966 et seq.
To hold otherwise would condone and encourage the loose practice of filing an exception labeled `Exceptions of No Right or Cause of Action', and then alleging as grounds therefor only objections related to no cause of action. This causes confusion to counsel and to the trial courts, as it did in the present case. The two exceptions have different purposes and are subject to entirely different rules. The bar and the trial courts should be encouraged to recognize which exception is pleaded and to apply the proper rules. This was clearly intended by the redactors of our Code of Civil Procedure."
See also Hargroder v. Columbia Gulf Transmission Company, 290 So.2d 874 (La.1974).
In the case sub judice the Board filed what is styled as an exception of no right or cause of action. At the trial of the exception the court minutes reflect that two items of evidence, the lease agreement and interrogatories propounded by Moore, were entered into evidence without objection. Under LSA-C.C.P. Art. 931 and this court's adherence to the well reasoned views first expressed in Parks it is clear that the Board's exception was actually one of no cause of action, one triable without the need to take evidence. Therefore we conclude that the trial court should not have allowed the admission of evidence and should have made a decision solely on Moore's petition and the Board's exception.

LESSEE'S RIGHT OF ACCESS TO LEASED PROPERTY
In attacking the trial court's dismissal Moore contends he stated a cause of action because the Board failed to maintain him in peaceable possession and constructively evicted him by refusing to negotiate a right of access from the neighboring property owners on his behalf.
Applicable to this case is the following codal article:
Article 2692
"The lessor is bound from the very nature of the contract, and without any clause to that effect:
1. To deliver the thing leased to the lessee.
2. To maintain the thing in a condition such as to serve for the use for which it is hired.
3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."
One of the primary obligations of a lessor to his lessee is to deliver the thing leased. C.C. Art. 2692; Morgan v. American Indemnity Company, 180 So.2d 429 (La.App. 1st Cir.1965); Siracusa v. Leloup, 28 So.2d 406 (La.App. 1st Cir.1946). Furthermore, in Louisiana a lessor, in the absence of a stipulation to the contrary, is required to place his lessee into actual possession of the leased premises. Hall v. Major, 312 So.2d 169 (La.App. 1st Cir. 1975), writs denied, 313 So.2d 846, 848 (La. 1975).
In the case sub judice neither Moore's petition nor the Board's exception indicates that the parties stipulated any exception to the delivery of actual possession. Therefore it is clear that the Board breached its obligation to place Moore in actual possession of the leased premises.
*65 Lease is a contract by which one party gives to another the enjoyment of a thing for consideration. LSA-C.C. Arts. 2669-2674. In view of the fact that possession of the thing leased is the very object of a contract of lease, it is reasonable to expect the price the lessee paid for possession should be reduced or entirely refunded if possession of the leased premises fails. See Reynolds v. Egan, 123 La. 294, 48 So. 940 (1909). As indicated in Reynolds, however, whether the lessor is also liable for damages must be determined in light of other Civil Code articles and the circumstances of each case. Id. at 946.
For the foregoing reasons, the judgment of the trial court dismissing Moore's claim against the Board is reversed and set aside. This case is remanded to the trial court for further action in accordance with the views expressed herein. Costs of this appeal are assessed against the Board.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.