563 So.2d 347 (1990)
Jerome MOORE, Plaintiff-Appellant,
v.
CAMERON PARISH SCHOOL BOARD, Defendant-Appellee.
No. 89-36.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
*348 A. Frank McGee, Eunice, for plaintiff-appellant.
Jerry Jones, Cameron, for defendant-appellee.
Before LABORDE, KNOLL and KING, JJ.
KNOLL, Judge.
This case addresses the question of whether a lessor is bound to deliver the leased premises to its lessee. Plaintiff, Jerome Moore, appeals the dismissal of his action against the Cameron Parish School Board (School Board) for the return of his first year's rental payment, as well as damages for breach of contract, because the School Board did not provide him access to the section of land in Cameron Parish it leased him for hunting and trapping. After trial on the merits, the trial court concluded that Moore knew prior to leasing the land that the School Board did not have access to the leased land; thus it found that he was not entitled to either a return of his first year's rent, $6,250, or damages.
The basic facts of this case were set out by us when this matter first came before us on a peremptory exception of no cause of action. For a complete history and factual setting of this case, we refer the reader to our earlier decision. See Moore v. Cameron Parish Sch. Bd., 511 So.2d 62 (La.App. 3rd Cir.1987).[1]
The record shows that the trial court's determination of this matter centered on whether or not the evidence presented relieved the School Board of its obligation to deliver the leased premises to Moore as required by LSA-C.C. Art. 2692, which provides:
"The lessor is bound from the very nature of the contract, and without any clause to that effect:
1. To deliver the thing leased to the lessee.
2. To maintain the thing in a condition such as to serve for the use for which it is hired.
3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."
Moore contends that the trial court erroneously resolved this issue by reasoning that his knowledge of the access difficulties involved to the leased premises prior to signing the written lease, relieved the School Board of its obligation "To deliver the thing leased to the lessee." We agree.
In Moore, supra, at page 64, we summarized the relevant law as follows:
"One of the primary obligations of a lessor to his lessee is to deliver the thing leased. C.C. Art. 2692; Morgan v. American Indemnity Company, 180 So.2d 429 (La.App. 1st Cir.1965). Siracusa v. Leloup, 28 So.2d 406 (La.App. 1st Cir.1946).
Furthermore, in Louisiana a lessor, in the absence of a stipulation to the contrary, is required to place his lessee into actual possession of the leased premises. Hall v. Major, 312 So.2d 169 (La.App. 1st Cir.1975), writs denied, 313 So.2d 846, 848 (La.1975).
* * * * * * *349 Lease is a contract by which one party gives to another the enjoyment of a thing for consideration. LSA-C.C. Arts. 2669-2674. In view of the fact that possession of the thing leased is the very object of a contract of lease, it is reasonable to expect the price the lessee paid for possession should be reduced or entirely refunded if possession of the leased premises fails. See Reynolds v. Egan, 123 La. 294, 48 So. 940 (1909). As indicated in Reynolds, however, whether the lessor is also liable for damages must be determined in light of other Civil Code articles and the circumstances of each case. Id. at 946."
Nevertheless, in Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261, 1264 (La. 1981), the Louisiana Supreme Court stated:
"However, the codal articles and statutes defining the rights and obligations of lessors [one of which is that the lessor is required to place his lessee into actual possession of the leased premises, LSA-C.C. art. 2692] and lessees are not prohibitory laws which are unalterable by contractual agreement, but are simply intended to regulate the relationship between lessor and lessee when there is no contractual stipulation imposed in the lease. General Leasing Co. v. Leda Towing Co., Inc., 286 So.2d 802 (La.App. 4th Cir.1973), cert. denied, 290 So.2d 334 (La.1974). All things that are not forbidden by law may become the subject of or the motive for contracts and, when legally entered into, the contracts have the effect of law between the parties who have made them. La.Civ.Code arts. 1764, 1901. Our jurisprudence is that the usual warranties and obligations imposed under the codal articles and statutes dealing with lease may be waived or otherwise provided for by contractual agreement of the parties as long as such waiver or renunciation does not affect the rights of others and is not contrary to the public good. Louisiana National Leasing Corp. v. A.D.F. Services, Inc., 377 So.2d 92 (La.1979); Klein v. Young, 163 La. 59, 111 So. 495 (1927); General Leasing Co. v. Leda Towing Co., Inc., supra."
On remand, after hearing the testimony of Moore, the lessee, James R. Savoie and Paul Labove, neighboring landowners, Thomas McCall, the Superintendent of Education for Cameron Parish, and John Babineaux, the ultimate successful bidder on the lease after Moore defaulted, the trial court stated:
"The Court is presented with a credibility problem, but we have two disinterested witnesses, Sheriff Savoie and Mr. Paul LaBove, neither of whom are parties to this suit, who both recall that before the taking of these bids Mr. Moore was aware of an access difficulty related to the school board lease. At the day of the lease that difficulty was again brought to his attention before the taking of the bids. He recalls, Mr. Moore does, talking to Mr. Babineaux about making arrangements to cross over the Richard property, which had been leased to Mr. Babineaux; and he recalls having done that at some time later. But Mr. Babineaux remembers it taking place on the day of the bid itself, and that is the version which the Court has selected as being most close to the facts and which has the ring of accuracy. That being the case, it seems conclusive that Mr. Moore went to that school board meeting and submitted his bid with full knowledge that there was no public road access and that private access would be, by all accounts, unobtainable. Consequently, the school board is absolved from liability for the need to supply the access or the failure to inform, for its black letter that you don't need to tell someone something that they know already. And for that reason, the plaintiff's case is dismissed at his cost."
Instead of focusing on what facts Moore was knowledgeable of, the trial court should have centered its attention on whether the School Board, the entity burdened with the codal obligation at issue herein, contracted away its obligation to deliver the thing leased. The record shows that the lease herein did not contain any waivers or renunciations by Moore of codal *350 or statutory requirements dealing with lease.
The superintendent of the School Board, Thomas McCall, who signed the lease on behalf of the School Board, testified that the lease was advertised without any stipulation that the School Board would not provide access, and that he did not recall any conversation with Moore regarding the availability of access to the leased section. In contrast, McCall further testified that the School Board presently advertises the property for lease, specifically stating that the School Board does not have access to the property. Testimony that sheds light on the School Board's intent, was that of John Babineaux, the only other bidder on this particular lease. Babineaux testified that just before the bids were opened at the School Board meeting, he addressed the School Board president, Mervyn Taylor, publicly stating that Taylor should tell the bidders that there was no access to the proposed leased section. In recapitulating Taylor's response, Babineaux said:
"And Bud, Mervyn Taylor, spoke up and said we do not have a right of way to go back there. The school board, the Cameron Parish School Board, don't [sic] have a right of way to go back there; but he [Taylor] says I'm pretty sure that we [the Cameron Parish School Board] can get one or buy one if we have to go back there." (Emphasis added.)
In light of this testimony and the absence of any restrictive language in the written lease, we find that the record is void of any stipulation relieving the School Board of its codal obligation to deliver actual possession of the leased acreage. Therefore, we reverse the trial court's judgment dismissing Moore's action against the School Board. Cf. Segari v. Uchello, 44 So.2d 722 (La. App.Orl.1950), which is a case addressing a seller's delay in delivering actual possession of property and parole evidence relied upon in proving the parties' intent.
Because of the trial court's disposition of this matter, it never reached the question of Moore's entitlement to either the return of his first year rent, $6,250, or damages for the School Board's breach of the lease agreement. After carefully reviewing the record, we find Moore offered no proof of damages suffered as a result of the School Board's breach of the lease agreement. Nevertheless, since Moore was unable to possess the leased premises, we find that he is entitled to a refund of $6,250 he paid for the first year's rent.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of JEROME MOORE and against the CAMERON PARISH SCHOOL BOARD in the amount of SIX THOUSAND TWO HUNDRED FIFTY ($6,250) DOLLARS, together with legal interest from the date of judicial demand, until paid. Costs of trial and this appeal are assessed to the Cameron Parish School Board.
REVERSED AND RENDERED.
NOTES
[1] Unlike mineral lessees who own real rights and are entitled to sue for a servitude of passage, See Salvex, Inc. v. Lewis, 546 So.2d 1309 (La.App. 3rd Cir.1989), writ denied, 551 So.2d 1323 (La.1989), a predial lessee only has a personal right which does not confer a real right on the lessee to demand a servitude of passage. See, Cobb v. McCart, 478 So.2d 204 (La.App. 3rd Cir.1985).