DYSART, J.
_]jOn May 28, 2012, appellant Uptown Dante Supermarket, Inc. (hereinafter “Dante”), signed a lease for a corner market at Dante and Spruce streets in New Orleans from Adel Abdallah. Abdallah had operated the market since 1992. The lease set the rent at $7500 a month rent, $3000 of which was for rent of the property and $4500 for rent of the equipment. The lease was signed by both parties and properly recorded.
In January of 2013, the parties entered into a new lease to rent the business for $1500 per month. The lease, which was also signed by both parties and recorded, did not include a breakdown of the rent between property and equipment.
Abdallah contends that the second lease was to be only a reconfiguration of the first lease. In other words, the rent was to remain at $7500 per month, but the breakdown was to be $1500 for rent of the property and $6000 for rent of the equipment. Abdallah testified that the lease he signed was for rent of the building, and that Dante’s representative was to return later in the day with a second lease to | {.cover rental of the equipment. That lease was to be between Dante as lessee and Abdallah’s son as lessor.
Dante contends that the lease was renegotiated for the total amount of $1500 because the business was not making the profit that Abdallah claimed, and the equipment for which rent was being paid was broken and inoperable.
After the signing of the second lease, Dante began making payments of $1500 per month. Copies of the checks made payable to Abdallah dated January 4, February 8, April 1, May 1 and June 1, 2013 were entered into evidence. A check dated June 8, 2013, with a notation “replacement check for March rent” was also entered into evidence. All of the checks were signed and deposited by Abdallah.
Abdallah sent a demand letter to Dante on March 28, 2013 for the $6000 per month he claimed was owed, but no resolution was reached. A Petition for Eviction and or for Damages was filed June 7, 2013.
The record indicates that on June 18, 2013, Abdallah requested service on David Sewell, Dante’s registered agent for ser *747 vice of process; Dennis Brown, Dante’s president; and, any employee of Dante. A return of service indicates that “Ricky,” an employee of Dante, was served on June 21, 2013. A second return of service filed into the record on July 3, 2013, (after the hearing) indicates that Dante’s registered agent for service was served. The return citation was signed by the clerk of court on June 18, and is stamped received by Jefferson Parish on June 20; however, the date of service is blank. Dante admits in its brief that its agent for service of process was served on June 24, 2013.
|sOn June 27, 2013, Dante filed in one pleading, several exceptions, including an exception of improper cumulation, an exception of unauthorized use of summary proceeding, and an exception of no cause of action.[1] Further, it objected to answering the petition for damages/rule for possession as it had not been afforded the legal delays within which to respond. Finally, out of an abundance of caution and to preserve its right to appeal, it answered the petition. The answer was verified pursuant to La.Code Civ. Proc. art. 4735.
On the day of the hearing, the trial court heard the exceptions and overruled them. It then proceeded to conduct a hearing in which testimony was taken and evidence introduced. The trial court granted the eviction and awarded Abdallah $36,000 for unpaid rent from January 1, 2013, through June 30, 2013.
Dante filed a suspensive appeal.
DISCUSSION:
Dante maintains that it paid rent ($1500 per the recorded lease) for the six months that Abdallah claimed he was owed an additional $6,000 per month. The record before us confirms this allegation. Most significantly, Abdallah accepted rent payments for the months of April, May and June, after the notice to vacate letter was sent to Dante.
This Court has held:
The summary action of eviction is based on the required notice to vacate, and the acceptance of rent after that notice, but before judgment of eviction, vitiates the 14notice and prevents a lessor from obtaining such a judgment.
Passalaqua v. Mendez, 388 So.2d 1172 (La.App.4th Cir.1980); also see La.Code Civ. Proc. Arts. 4701, 4702 and 4731; West End Landing, Inc. v. Board of Levee Com’rs, 299 So.2d 418 (La.App. 4th Cir.1974).
Abdallah sent a letter dated March 28, 2013, which included a notice to vacate the premises by April 15, 2013.[2] Despite this notice to vacate, Abdallah received and negotiated rent payments for April, May and June. Therefore, the notice to vacate was vitiated, and the eviction proceedings were improper.
Our review of the record also indicates numerous discrepancies in dates pertinent to service, notice to vacate, and citation. Summary proceedings, such as the eviction proceeding below, “are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings.” La. Code Civ. Proc. art. 2591. To the contrary, ordinary proceedings, such as a suit for money damages, require citation. La. Code Civ. Proc. art. 1201. The citation issued in this case *748 included both a rule date of June 27, 2013, and a notice to file an answer within fifteen days of service. This ambiguity caused Dante to file an answer, basically under protest, to avoid a default judgment. Procedurally, he should have been allowed fifteen days to answer the petition as it pertained to money damages. Instead, the trial court set a trial date on all issues two days after service. This was improper.
|Jn Major v. Hall, the Supreme Court stated: “[t]he law of this state is clear to the effect that damages, in the absence of a special provision, may only be recovered in an ordinary proceeding.” 262 La. 243, 263 So.2d 22 (La.1972). In Friedman v. Hofchar, Inc., 424 So.2d 496 (La.App. 5th Cir.1983), the court, citing Major, stated, “[t]his was a summary proceeding, and the Supreme Court of Louisiana has said, ... that money damages are not recoverable in summary proceedings on a rule to show cause.” [emphasis in original.] Also see, Housing Authority of New Orleans v. Wilson, 503 So.2d 565 (La.App. 4th Cir.1987).
Accordingly, Abdallah’s acceptance of rent after notice to vacate combined with the ambiguities and discrepancies contained in the record, especially as related to the citation, requires this Court to vacate the judgment of eviction and money damages, and to dismiss Abdallah’s petition without prejudice.
JUDGMENT VACATED; PETITION DISMISSED, WITHOUT PREJUDICE.

. In Dante's brief, it contends that it filed an exception of improper service; however, the pleading in the record does not so indicate.

. The last paragraph of the letter required a response within five days of receipt. If no response was made, the letter indicated that eviction proceedings would be filed on March 15, 2013, several days prior to the date of the letter.